# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,    )
    )
       Plaintiff/Counterdefendant,   )    Case No. CV 05-214-C-LMB
    )
v.    )    **MEMORANDUM DECISION**
    )    **AND ORDER**
THERRAL JACKSON,    )
    )
       Defendant/Counterclaimant.   )
_____)

Currently pending before the Court is the United States' Motion to Dismiss Affirmative Defense (Docket No. 64). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

## I.

## FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

The United States brought the instant action to enforce the terms of two easements held by the United States Forest Service ("Plaintiff") on property owned by Therral Jackson ("Defendant"). Plaintiff established on summary judgment that the easements unambiguously require written authorizations for all changes to the general topography of the land. *Memorandum Decision and Order*, p. 9 (Docket No. 59). In addition, Plaintiff established that Defendant constructed patios and retaining walls on the easement-encumbered property in violation of the easements. *Id.* at 11. Issues of fact precluded summary judgment as to whether

_____

[1] For additional background, please refer to the Court's November 14, 2006 Memorandum Decision and Order (Docket No. 59).

construction of the bridge and the walkways constituted changes in topography prohibited by the easements. *Id.* at 13.

Defendant has asserted estoppel as a complete defense to Plaintiff's action. The Second Amended Answer provides, "Plaintiff's claims are barred by the doctrine of estoppel in that plaintiff's agents granted permission to defendant to construct certain improvements for which the plaintiff now claims is in violation of the scenic easement and seeks removal." *Second Amended Answer and Counterclaim*, p. 4 (Docket No. 41). As Defendant explains, "The claim of estoppel centers around the fact that the plaintiff's agents, whom ultimately grant or deny requests to change topography, verbally granted the defendant's request to build the patio and cannot now demand the structure to be removed." *Brief in Opposition to Plaintiff's Motion to Dismiss Affirmative Defense*, p. 2 (Docket No. 66).

On summary judgment, the parties disputed whether Plaintiff gave Defendant verbal authorization to proceed with certain improvements. *Memorandum Decision and Order*, pp. 14-15 (Docket No. 59). For the purpose of the instant Motion to Dismiss, Plaintiff argues that even if Defendant received verbal authority as alleged, Defendant cannot claim estoppel against the United States. *Motion to Dismiss Affirmative Defense*, p. 2 (Docket No. 64).

## II.

### STANDARD OF REVIEW

Plaintiff has characterized the instant pleading as a motion to dismiss, arguing that Defendant cannot prove quasi-estoppel as a matter of law. Plaintiff, however, does not cite what rule upon which it relies.

**MEMORANDUM DECISION AND ORDER -2-**

Defendant argues that Plaintiff's motion should be treated as a motion to strike affirmative defense pursuant to Fed. R. Civ. P. 12 (f).  *Brief in Opposition to Plaintiff's Motion to Dismiss Affirmative Defense*, p. 2 (Docket No. 66).  However, a motion to strike must be "made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by either party within 20 days after the service of the pleading."  Fed. R. Civ. P. 12(f).  Defendant filed the Second Amended Answer and Counterclaim on May 11, 2006, nearly eleven months ago.  Therefore, the motion to strike would be untimely under the Rules.  Nevertheless, the Motion to Strike is not appropriately treated as a motion to dismiss.

Typically, a "motion to dismiss" is asserted as a defense to a claim for affirmative relief.  *See* Fed. R. Civ. P. 12(b) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required.").  However, while Plaintiff's motion is similar to a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), the precise issue presented here is that the instant Motion to Dismiss is not directed to a claim for affirmative relief but rather to an affirmative defense.

Plaintiff's motion is perhaps best-characterized as an "objection of failure to state a legal defense to a claim," which may be made "in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at a trial on the merits."  Fed. R. Civ. P. 12(h)(2).  A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed but within such time as not to delay trial."  Fed. R. Civ. P. 12(c).  Further, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  *Id.*

**MEMORANDUM DECISION AND ORDER -3-**

In light of the foregoing, Plaintiff's Motion to Dismiss will be treated as a motion for judgment on the pleadings as to Defendant's estoppel defense. Accordingly, judgment on the pleadings, much like summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.

## ANALYSIS

Plaintiff argues that Defendant's defense of estoppel must fail as a matter of law, because (1) Defendant's allegations do not demonstrate the requisite affirmative conduct; (2) Defendant cannot prove reasonable reliance; and (3) Plaintiff is not subject to estoppel where, as here, the agency acts for the benefit of the public. In response, Defendant argues that the asserted verbal authorization is the required affirmative act and that the federal government was acting in its proprietary role when it entered the easements at issue. *Brief in Opposition to Plaintiff's Motion to Dismiss Affirmative Defense*, pp. 4-5 (Docket No. 66). Defendant does not address Plaintiff's reasonable reliance argument.

**A.      Elements of Estoppel**

Plaintiff characterizes Defendant's estoppel defense as an equitable estoppel claim:

> The elements of estoppel against the United States are well established and include five elements, rather than the traditional four: (1) whether the party to be estopped knew the facts; (2) whether the party to be estopped intended or could justifiably be perceived as intending its conduct to induce reliance; (3) whether the party asserting estoppel was ignorant of the facts; (4) whether the party asserting estoppel relied upon the government's conduct; and (5) whether the government engaged in affirmative misconduct.

**MEMORANDUM DECISION AND ORDER -4-**

*Amended Reply in Support of Motion to Dismiss Affirmative Defense*, p. 2 (Docket No. 68)(citing *United States v. Harvey*, 661 F.2d 767, 774 (9th Cir. 1981)).

However, Defendant relies on the quasi-estoppel doctrine in support of its estoppel defense. *See Brief in Opposition to Plaintiff's Motion for Summary Judgment*, p. 10 (Docket No. 50-1). Defendant states that the doctrine of estoppel applies when it would be "unconscionable to permit the offending party to maintain an inconsistent position from one he or she has already acquiesced in or which has caused another to be disadvantaged." *Id.* (citing *Atwood v. Smith*, 143 Idaho 110, 138 P.3d 310 (2006)).

The doctrine of quasi-estoppel "prevents a party from asserting a right, to the detriment of another party, which is inconsistent with a position previously taken." *Atwood v. Smith*, 143 Idaho at 114, 138 P.3d at 314 (quoting *C & G, Inc. v. Canyon Highway Dist. No. 4*, 139 Idaho 140, 144, 75 P.3d 194, 198 (2003)). Generally, quasi-estoppel applies when (1) the offending party took a different position than his or her original position and (2) either (a) the offending party gained an advantage or caused a disadvantage to the other party; (b) the other party was induced to change positions; or (c) it would be unconscionable to permit the offending party to maintain an inconsistent position from one from which he or she has already derived a benefit or in which he or she has already acquiesced. *Id.*

"The doctrine of quasi-estoppel is distinguishable from equitable estoppel in that 'no concealment or misrepresentation of existing facts on the one side, nor ignorance or reliance on the other, is a necessary ingredient.'" *Schiewe v. Farwell*, 125 Idaho 46, 49, 867 P.2d 920, 923 (1993) (citing *Obray v. Mitchell,* 98 Idaho 533, 538, 567 P.2d 1284, 1289 (1977)). "Because quasi-estoppel is an equitable doctrine, its application depends upon a case by case analysis of

**MEMORANDUM DECISION AND ORDER -5-**

the equities involved." *Williams Lake Lands, Inc. v. LeMoyne Development, Inc.*, 108 Idaho

826, 830, 702 P.2d. 864, 868 (Ct. App. 1985) (citing *City of Nampa v. Swayne*, 97 Idaho 530,

547 P.2d 1135 (1976)).

**B.      Estoppel Claims Against the Federal Government**

A party seeking to assert estoppel against the federal government must establish the same

elements of estoppel required against a private property in addition to some type of "affirmative

misconduct going beyond mere negligence." *Morgan v. Heckler,* 779 F.2d 544, 545 (9th Cir.

1985).  Even then, "estoppel will only apply where the government's wrongful act will cause a

serious injustice, and the public's interest will not suffer undue damage by imposition of the

liability."  *Id*.  "The person seeking estoppel against the government also must show that the

potential injustice to him outweighs the possibility of damage to the public interest."  *Salgado-*

*Diaz v. Gonzales*, 395 F.3d 1158, 1166 (9th 2005).

Plaintiff argues that Defendant's allegations do not establish the affirmative misconduct

and gross injustice necessary to succeed in an estoppel claim against the federal government.

*Motion to Dismiss Affirmative Defense*, pp. 3-4 (Docket No. 64).  According to Plaintiff, the oral

authorization alleged does not constitute affirmative misconduct, because Defendant (1)  has not

alleged that the Forest Service intentionally misled him and (2) "has stated under oath that this

verbal authorization was a standard practice in the Forest Service's dealing with him concerning

the easement."  *Id*. at 3 (citing *Jackson Declaration* at ¶ 4) (Docket No. 50-3).  In addition,

Plaintiff states that the "rare and extraordinary remedy" should not be available where, as here,

the damages alleged relate to the costs associated with "[c]onstruction of concrete retaining

walls, backfill, and patios in violation of a scenic easement."  *Id.* at 4.

**MEMORANDUM DECISION AND ORDER -6-**

Defendant counters that the element of affirmative misconduct is satisfied where, as here, a government agent makes an assertion on which a party detrimentally relies. *Brief in Opposition to Plaintiff's Motion to Dismiss Affirmative Defense*, p. 3 (Docket No. 66). Defendant does not address the character or extent of his damages or the result of his alleged reliance.

In support of his position that the oral authority is sufficient to constitute affirmative misconduct, Defendant relies in part on the case of *Moser v. United States*, 341 U.S. 41 (1951). In *Moser*, a Swiss natural seeking United States citizenship relied upon certain statements made by the United States State Department and, as a result, was technically debarred from citizenship. *Id.* at 46. Nonetheless, the United States Supreme Court held that "Petitioner did not knowingly and intentionally waive his rights to citizenship." *Id.* at 47. "Considering all the circumstances of the case, we think that to bar petitioner, nothing less than an intelligent waiver is required by elemental fairness." *Id.* The *Moser* decision does not use the term "estoppel," yet it "has been broadly interpreted as allowing the government to be estopped." *United States v. Ruby Co.*, 588 F.2d 697, 702 (9th Cir. 1978).

The *Moser* decision falls within a broader category of decisions in which the federal government was estopped from taking certain action after providing "official misinformation." *See, e.g., Schuster v. C.I.R.,* 312 F.2d 311 (9th Cir. 1962) (holding the Commissioner of Internal Revenue estopped from collecting deficiency in conflict with earlier ruling that certain assets of an estate not taxable); *United States v. Wharton*, 514 F.2d 406 (1975) (holding the United States estopped from ejecting individuals from land when United States had erroneously informed the family that they could not apply for a valid patent). In one of these cases, *Brandt v. Hickel*, the Bureau of Land Management ("BLM") advised two applicants for an oil and glass lease that they

**MEMORANDUM DECISION AND ORDER -7-**

would not lose priority if they submitted a corrected application in 30 days. 427 F.2d 53, 54 (9th Cir. 1970).  However, before the corrected application was filed, another applicant filed an application and the Secretary of the Interior determined that the initial applicants lost their priority.  *Id.*  In determining that the erroneous advice from the BLM estopped the Department of the Interior, the Ninth Circuit stated:

> Not every form of official misinformation will be considered sufficient to estop the government . . . . Yet some forms of erroneous advice are so closely connected to the basic fairness of the administrative decision making process that the government may be estopped from disavowing the misstatement.

*Id.* at 56.

In light of these cases, which do not discuss the intent of the speaker, it is clear that an oral statement may constitute affirmative misconduct even though it was not made to intentionally mislead or is a routine form of communication.  In addition, the Court will preserve for trial the evidentiary issue of whether Defendant's cited costs are sufficient to uphold an estoppel claim against the federal government.  Such an analysis will require balancing the injury to the public interest if the government is estopped against Defendant's personal interest and the possible injustice that would arise if the government is not estopped.  All of this, however, is dependent upon the facts and evidence produced at trial.  The record is not yet ripe for such a review.  Thus, in sum, it cannot be concluded, as a matter of law, that Defendant has not alleged facts sufficient to support a quasi-estoppel defense against the government.

**MEMORANDUM DECISION AND ORDER -8-**

C.    **Reasonable Reliance**

Plaintiff argues that Defendant cannot show reasonable reliance.  *Motion to Dismiss Affirmative Defense*, p. 4 (Docket No. 64).  Defendant does not specifically address this argument.  Nonetheless, as previously discussed, Defendant's estoppel defense, as set forth in its *Opposition to Summary Judgment* (Docket No. 50-1), lies in quasi-estoppel and "[q]uasi estoppel, unlike equitable estoppel, does not require misrepresentation by one party or actual reliance by the other."  *Keesee v. Fetzek*, 111 Idaho 360, 362, 723 P.2d 904, 906 (Idaho App. 1986)(citing *Evans v. Idaho State Tax Comm'n*, 97 Idaho 148, 540 P.2d 810 (1975)).  Because reliance is not a required element to Defendant's estoppel defense, Plaintiff's Motion to Dismiss Affirmative Defense (Docket No. 64) is denied.

D.    **Public Benefit**

Plaintiff's final argument is that a federal agency is not subject to estoppel when it "acts in a sovereign capacity for the benefit of the public."  *Plaintiff's Motion to Dismiss Affirmative Defense*, p. 5 (Docket No. 64).  Defendant argues that in entering the easements at issue, the federal government acts in a proprietary role.  *Brief in Opposition to Plaintiff's Motion to Dismiss Affirmative Defense*, p. 5 (Docket No. 66).

The case law clearly provides that "estoppel may be applied against the government acting in its sovereign capacity."  *United States v. Wharton*, 514 F.2d 406, 410 (9th Cir. 1975) (referring to *United States v. Georgia-Pacific Corp.*, 421 F.2d 92 (9th Cir. 1970)).  "[E]stoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel."  *U.S. v. Lazy FC Ranch*, 481 F.2d 985, 989 (9th Cir. 1973).  "This

**MEMORANDUM DECISION AND ORDER -9-**

proposition is true even if the government is acting in a capacity that has traditionally been described as sovereign . . . although we may be more reluctant to estop the government when it is acting in this capacity." *Id*.

In light of all the foregoing, Plaintiff's Motion to Dismiss Affirmative Defense is denied.

## V.

## ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss Affirmative Defense (Docket No. 64) is DENIED.



DATED:  **April 19, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER -10-**